**SIGNED THIS: November 18, 2008**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                             )
                                                   )
BRENT LEASURE,                                     ) Bankruptcy Case No. 08-91418
                                                   )
           Debtor.                                 )

OPINION

This matter having come before the Court on the Trustee's Motion for Turnover; the Court, having heard arguments of counsel and having reviewed the written memorandum of law filed by the Trustee, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on August 18, 2008.

2. The Debtor scheduled as an asset his ownership in certain stock certificates in his possession at the time he filed for Chapter 7 relief. The Debtor originally claimed the

stocks as part of a pension or profit-sharing plan and, thus, exemptible pursuant to 735 ILCS 5/12-1006, but, at his first meeting of creditors on September 18, 2008, the Debtor conceded that the stocks were not part of a pension plan and, thus, not exempt.

3. A hearing was held on the Trustee's Motion for Turnover on October 16, 2008, at which time the Trustee appeared, together with the Debtor and his attorney; and the Debtor acknowledged that the claimed exemption under 735 ILCS 5/12-1006 was not appropriate and that the stock in his possession should be turned over to the Trustee as an asset of the Debtor's bankruptcy estate.

4. While the parties agreed that the stock should be turned over, they did not agree on what value should be attached to the stock, and they were given 21 days to brief the issue.

5. The Trustee filed Trustee's Memorandum in Support of Turnover of Value of Stock on Date of Filing of Bankruptcy Case on October 31, 2008, and, given that Debtor's counsel has not filed a brief as of this date, the Court finds that the matter is ripe for a ruling.

Conclusions of Law

The parties to this matter agree that the issue before the Court is what value to place on the stock asset currently in the Debtor's possession. It is the Trustee's position, as stated in open court on October 16, 2008, that the value of the stock should be determined as of the date of the filing of the Debtor's bankruptcy petition, and that, whatever that amount is, is the amount that should be paid over to the Trustee as an asset of the bankruptcy estate. To the contrary, it is the Debtor's position that all he need do is turn over the stock itself to the Trustee for liquidation and that, whatever value the stock brings upon sale, is the amount to be retained by the Trustee.

In reviewing the written memorandum of law submitted by the Trustee, the Court finds that this matter is governed by 11 U.S.C. § 506(a)(2) and 11 U.S.C. § 541. Property of the bankruptcy estate is determined by the commencement of a bankruptcy case. 11

U.S.C. § 541(a) Pursuant to 11 U.S.C. § 506(a)(2), the determination as to replacement value of the stock at issue is to be determined as of the date of filing of the Chapter 7 bankruptcy petition. The date of the filing of the petition is not an arbitrary date. It is a date certain, and, as such, the determination as to the replacement value of the stock at issue can be made with veritable ease.

In conclusion, the Court finds that the date for determining the valuation of the stock assets held by the Debtor is the date of the filing of the Debtor's Chapter 7 bankruptcy case. Thus, the Debtor is directed to obtain the valuation of the stock he owned as of the date of filing his bankruptcy case, and to turn over to the Trustee an amount equal to that valuation.

###